1  **WO**                                                                                              JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Harry Elwood Corbin,            )   No. CV 09-2677-PHX-JAT (LOA)
                                )
            Plaintiff,          )   **ORDER**
                                )
vs.                             )
                                )
Charles Ryan, et al.,           )
                                )
            Defendants.         )
                                )

Plaintiff Harry Elwood Corbin brought this civil rights action under 42 U.S.C. § 1983 against multiple Arizona Department of Corrections (ADC) officials: Director Charles Ryan, Warden Barry Larson, Deputy Warden Edward White, and Correctional Officer Matt J. Shafer (Doc. 1).[1] Before the Court is Plaintiff's motion for injunctive relief (Doc. 9), which Defendants oppose (Doc. 17).

The Court will deny Plaintiff' motion.

**I.    Background**

Plaintiff's claims arose during his confinement in the Arizona State Prison Complex (ASPC)-Lewis/Stiner Unit in Buckeye, Arizona (Doc. 1 at 1). In his Complaint, Plaintiff alleged that his Eighth Amendment rights were violated when Defendants placed him in a general population unit even though they knew that Plaintiff had a prior sex-offense

---

[1] Larsen has not been served (Doc. 10).

conviction, and Plaintiff was then beaten by other inmates (id. at 3). Plaintiff further alleged that his Eighth Amendment rights were violated when, after returning from a nine-day hospital stay, Defendants placed him in an outdoor holding cell without access to a bathroom from 6:00 a.m. to 9:00 p.m. for five days (id. at 4). Plaintiff sued for injunctive relief and money damages (id. at 6).

**II.     Motion for Preliminary Injunctive Relief**

      **A.     Plaintiff's Contentions**

In his "Request for Preliminary Injunction Re: Return of Medically Approved and Required Walking Cane," which is construed as a Motion for Preliminary Injunction, Plaintiff avers that he entered the ADC with a cane, and the prison physician recently renewed Plaintiff's prescription to possess and utilize a walking cane (Doc. 9 at 2; Ex. A (copy of Special Needs Order)). Plaintiff states that on March 22, 2010, he received a copy of the Court's March 19, 2010 Screening Order (id. at 1). The next day, Plaintiff was called to the medical unit where he was required to surrender his walking cane to medical staff (id. at 1-2). He alleges that the confiscation of his cane constitutes retaliation by ADC staff in response to Plaintiff's filing of this action (id. at 2). Plaintiff submits that it would take months to address this issue through prison administrative remedies; therefore, he seeks injunctive relief from the Court (id.).

Plaintiff asserts that without the cane, he is at risk of further physical pain or injury if he should fall (id. at 3). He argues that the cane was not confiscated for misuse or use of the cane in a threatening manner, and he was not seen by a physician before confiscation of the cane (id.). Plaintiff requests an order for the immediate return of his cane (id.).

      **B.     Defendants' Response**

Defendants oppose Plaintiff's request for injunctive relief (Doc. 17). They submit the declaration of Nunzio Valore, a Registered Nurse employed by the ADC at the ASPC-Tucson, Rincon Unit (Id., Ex. A, Valore Decl. ¶ 1). Valore avers that in March 2010, Dr. Lewis issued a Special Needs Order for Plaintiff to use a cane from March 2010 until March 12, 2011 (id.). Valore states that on March 23, 2010, she noted in Plaintiff's medical chart

- 2 -

1  that Sergeant Mayo reported that he had seen Plaintiff running across the recreation field carrying his cane, and that the cane was returned to medical that same day (id. ¶ 4). Valore further states that on June 3, 2010, Plaintiff requested a cane from Nurse Paul Bosseler, who in turn confirmed with Mayo that Plaintiff was seen running and carrying his cane (id. ¶ 5).

Defendants maintain that Plaintiff is not entitled to the requested injunctive relief because his claim of retaliation is not related to the Eighth Amendment claims underlying his Complaint (Doc. 17 at 3). Defendants next argue that Plaintiff's assertion that he is at risk of injury is merely conclusory, and the fact that he was seen running belies his claim that he will be subjected to future pain and injury without a cane (id.). Finally, they contend that Plaintiff presents no evidence that he is likely to succeed on the merits (id.).

Plaintiff did not file a reply.

## III. Preliminary Injunction

### A. Legal Standard

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374, 376 (2008); American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

A court may not issue an injunction against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Further, a party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim); see also Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

**B. Analysis**

The Court finds that the declaration of Valore in support of Defendants' opposition is not admissible. Valore demonstrates no personal knowledge, and the medical records relied on are not attached to the declaration. Also, most of Valore's statements constitute hearsay.

Plaintiff has nonetheless failed to demonstrate that injunctive relief is proper. His allegations against Ryan, Shafer, and White concern Eighth Amendment violations for failure to protect and inadequate conditions of confinement. Those claims cannot provide a basis for injunctive relief against retaliation for filing this lawsuit. See Devose, 42 F.3d at 471. Moreover, in seeking to enjoin medical personnel at the ASPC-Tucson, Winchester Unit, Plaintiff improperly seeks to enjoin individuals who are not parties to this action. See Zenith Radio Corp., 395 U.S. at 110.

Plaintiff also fails to meet the standard for a preliminary injunction. To meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. See Fed. R. Civ. P. 65(b). In his motion, Plaintiff does not set forth any specific facts indicating that he is subject to a threat of irreparable harm. He merely states that he will be "at risk for further physical pain" or "new injury" (Doc. 9). But he does not indicate what type of injury or suffering he may endure without the cane, and he submits no declaration or other sworn statement with additional factual allegations. Consequently, Plaintiff has not made a clear showing of the likelihood of irreparable injury, and that alone is fatal to his motion.

For the above reasons, Plaintiff's motion for a preliminary injunction will be denied.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to

# # # # #

# # # # #

# # # # #

- 4 -

1 | Plaintiff's Motion for Preliminary Injunction (Doc. 9), and the motion is **denied**.

2 | DATED this 23rd day of August, 2010.

_____
James A. Teilborg
United States District Judge